UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CURTIS HOWELL,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOUSING AND<br>COMMUNITY DEVELOPMENT, et al.,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*    C.A. No. 21-11978-ADB<br>*<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons set forth below, the Court (1) grants plaintiff's motion for leave to proceed *in forma pauperis*, (2) denies without prejudice the remaining motions; and (3) orders plaintiff to file an amended complaint to correct the deficiencies identified herein.

**I.  BACKGROUND**

On December 7, 2021, Curtis Howell ("Howell"), a resident of Lowell, Massachusetts, filed a *pro se* complaint against Heritage Properties, which is an apartment management company, as well as the following 4 government and/or non-profit housing agencies: (1) Massachusetts Department of Housing and Community Development ("DHCD"); (2) Community Teamwork, Inc.("CT"); (3) the New Hampshire Housing Authority ("NHHA"); and (4) the Rhode Island Housing Authority ("RIHA"). Dkt. No. 1.  With the complaint, Howell filed motions for the appointment of counsel and for leave to proceed *in forma pauperis*.  Dkt. Nos. 2 - 3.  Since that time, Howell has filed motions to correct clerical errors, for court costs and to compel rulings.  Dkt. Nos. 7 - 9.

The crux of Howell's grievance appears to be his inability to secure housing through various agency and government programs as well as his inability to secure a CT small business grant.  *See* Dkt. No. 1.  Howell explains that he is on several waiting lists for housing and recounts various administrative runarounds.  *Id.*  For example, after receiving notice from the NHHA that he reached the top of a waiting list, Howell alleges that he was wrongfully denied priority status and never received notification concerning his appeals.  *Id.* at p. 7.  Howell also recounts his efforts to report potential housing fraud in Providence, Rhode Island.  *Id.* at p. 9.

For relief, Howell seeks monetary damages.  *Id.* at § II(B)(3), § IV.  For the basis of jurisdiction, in addition to several Massachusetts state statutes, Howell lists the following federal statutes:

> 42 U.S.C. § 1981; 42 U.S.C. § 1982; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; 42 U.S.C. § 2000a-6; (42 U.S.C. §§ 2000a-1, 2000a-2, 2000c-3, 2000c-8, 2000c-9, 2000d-2, 2000e-5, 2000-7, 2000h-2, 2000cc-2); 42 U.S.C. § 12117; 28 U.S.C. §§ 2671-2680; 29 U.S.C. § 791; 29 U.S.C. § 794; 42 U.S.C. § 2000bb-1; 42 U.S.C. § 12132; 42 U.S.C. § 12133; 42 U.S.C. § 12182; 42 U.S.C. § 12184; 42 U.S.C. § 12188;  42 U.S.C. § 12202; 42 U.S.C. § 12203; 42 U.S.C. § 12212; 42 U.S.C. § 5309; 42 U.S.C. § 5305; 42 U.S.C. § 8013; 42 U.S.C. § 3601; 42 U.S.C. § 3613; 42 U.S.C. § 3615; 42 U.S.C. § 3617; 42 U.S.C. § 2000ea-6; 42 U.S.C. § 9815; 42 U.S.C. § 9812; 42 U.S.C. § 9816; 42 U.S.C. § 9901; 42 U.S.C. § 9820; 42 U.S.C. § 1437g; 42 U.S.C. § 1437f; 42 U.S.C. § 1437e; 42 U.S.C. § 1437b;  and 42 U.S.C. § 1437u.

*Id.* at p. 9.

## II. DISCUSSION

### A. In Forma Pauperis

Upon review of plaintiff's financial disclosures in his motion for leave to proceed *in forma pauperis*, the Court concludes that he has adequately demonstrated that he is without income or assets to pay the filing fee.  Accordingly, plaintiff will be permitted to proceed *in forma pauperis*.

### B. Screening of the Complaint

Because Howell is proceeding without the prepayment of the filing fee, the complaint is subject to review to determine if it satisfies the requirements 28 U.S.C. § 1915 (proceedings *in forma pauperis*).  Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915 (e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction ... a short and plain statement of the claim showing that the pleader is entitled to relief; and ... a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(l)-(3).  This statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) ).  It must afford the defendants a "[']meaningful opportunity to mount a defense,'" *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995) ).  The "complaint should at least set forth minimal facts as to who did what to whom,

when, where, and why—although why, when why means the actor's state of mind, can be averred generally." *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004). The claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Because it promotes clarity, "each claim founded on a separate transaction or occurrence. . . must be stated in a separate count." *Id.* In essence, the complaint must <u>succinctly</u> set forth as to each defendant what he claims they did (or failed to do), where it occurred, when it occurred, and the relief he seeks as to each defendant. Put another way, a complaint must clearly identify the claims and relief Howell seeks as to each defendant, and provide sufficient factual bases for each of the elements of the claims that he asserts. The caption must identify all defendants. Fed. R. Civ. P. 10(a).

Because Howell is proceeding *pro se*, the Court will construe his complaint generously. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).

### C. The Complaint is Subject to Dismissal

Here, the major deficiency with Howell's complaint is that it is in the form of a narrative that fails to identify which specific facts are attributed to which claim. He combines several different causes of action against multiple defendants. He alleges numerous state and federal statutory violations and complains of the violations of his constitutional rights without stating which facts relate to which claim or how the facts relate to the legal claims raised. The complaint lists dozens of laws and concludes that he is entitled to relief. The Federal Rules of Civil Procedure place the onus on Howell to submit a pleading that identifies and sets forth, in an organized fashion, the legal causes of action he seeks to assert against each defendant, and the

factual grounds therefore.  Here, it is unclear what legal claims are asserted against which defendants, making it difficult for the defendants to file a meaningful response.

Additionally, Howell seeks to bring in one complaint several different claims against unrelated defendants.  While Rule 18(a) of the Federal Rules of Civil Procedure permits Howell "to bring multiple claims against a defendant in a single action . . . it does not permit the joinder of unrelated claims against different defendants." *Chase v. Chafee*, No. 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011), *report and recommendation adopted*, No. 11-586 ML, 2011 WL 6826629 (D.R.I. Dec. 28, 2011); *see Spencer v. Bender*, No. 08–11528–RGS, 2010 WL 1740957 at *2 (D. Mass. April 28, 2010) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).  Instead, Rule 20 of the Federal Rules of Civil Procedure provides that separate defendants "may be joined in one action as defendants if. . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  While there might be overlap with some of the parties, Howell is cautioned that it is impermissible to bring multiple unrelated claims against unrelated parties in a single action.

### D. Appointment of Counsel

To the extent Howell seeks appointment of counsel, his request is denied without prejudice. Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  However, a civil plaintiff lacks a constitutional right to free counsel. *Desrosiers v. Moran*, 949 F.2d 15, 23 (1st Cir.1991).  At this early stage of the proceedings, and because the complaint fails to state a claim upon which relief may be granted, plaintiff's motion for appointment of counsel is denied, without prejudice.

### E. Filing of an Amended Complaint

To the extent Howell wishes to proceed, he must file an amended complaint curing the defects identified herein. Any amended complaint—a new stand-alone document—must set forth plausible claims upon which relief can be granted. Any amended complaint should, in numbered paragraphs, focus on the legal claims against each defendant, along with the basis for such claims. He also should not assert multiple causes of action against a defendant in one count; rather, he should identify separately each cause of action and the grounds therefore.

As an amended complaint completely replaces the original complaint, *see Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt.*, 644 F.3d 5, 9 (1st Cir. 2011), Howell should repeat in the amended complaint any allegations in the original complaint that he wishes to be part of the operative complaint. If an amended complaint is filed, it will be further screened.

## III. CONCLUSION

Accordingly:

1. The motion for leave to proceed *in forma pauperis* [Dkt. No. 3] is granted and the remaining motions [Dkt. Nos. 2, 7, 8, 9] are denied without prejudice.

2. If plaintiff wishes to proceed in this matter, he must file an amended complaint curing the pleading deficiencies and setting forth a plausible claim upon which relief may be granted. Failure to comply with these directives within thirty-five (35) days of the date of this Memorandum and Order will result in dismissal of this action.

**SO ORDERED.**

January 31, 2022

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE